UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CHARLES ALOYIOUS PULLIAM,<br><br>Plaintiff,<br><br>vs.<br><br>CORRECTIONAL OFFICER ANDREWS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; LT. WILSON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; SGT. DAVEES, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; CAPTAIN ANDERSON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;<br><br>Defendants. | 5:22-CV-05056-RAL<br><br><br>OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

Plaintiff Charles Aloyious Pulliam filed a pro se civil rights lawsuit under 42 U.S.C. § 1983 against Defendants Correctional Officers Andrews, Lt. Wilson, Sgt. Davees, and Captain Anderson ("Defendants"). Doc. 1. Pulliam was an inmate at the Pennington County Jail when this lawsuit was filed, id. at 1, but his current location is unknown. Pulliam moved for leave to proceed in forma pauperis and filed a prisoner trust account report. Docs. 2, 3. Pulliam also filed a motion for appointment of counsel. Doc. 9. This Court screened Pulliam's complaint under 28 U.S.C. § 1915A, and some of his claims survived screening. Doc. 7. Pulliam was sent a blank summons form so that he could complete the form to cause the complaint to be served upon Defendants. Doc. 11. This Court's screening order, as well as the summons forms sent by the Clerk of Court, were returned as undeliverable. Doc. 12. The Clerk of Court's office received a

call from someone purporting to be Pulliam's grandmother on January 18, 2023, and the caller advised that Pulliam was back in the Pennington County Jail, and the Clerk of Court resent the documents to the jail address.

On April 11, 2023, Defendants filed a joint motion to dismiss, Doc. 11, under Federal Rule of Civil Procedure 4(m) for failure to serve. According to Defendants, no summonses have been issued in this case and no Defendant has been served. Doc. 12 at 2. Defendants attempted to serve the motion to dismiss and related documents on Pulliam at the jail, but those too were returned as undeliverable. Docs, 16–18. Pulliam has not filed anything in this case since August 2022 or informed this Court of his current address as required by the screening order.

Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). It has been more than 282 days since Pulliam was sent blank summons forms that he was to complete so the complaint can be served. There does not appear to be good cause to further extend the time for service. This Court accordingly grants Defendants' Motion to Dismiss and all claims that survived screening are dismissed without prejudice.

For these reasons, it is

ORDERED that Defendants' Motion to Dismiss, Doc. 14, is granted.

DATED this 1st day of August, 2023.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE